IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARTHUR PAUL MARTIN,

    Petitioner,

v.                                                                                    Civ. No. 23-675 KWR/GBW

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO
and FNU STEPHENSON,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Arthur Paul Martin's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241[1] ("Petition") (*doc. 3*) pursuant to the Honorable Kea W. Riggs's Order of Reference (*doc. 7*) referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. Having reviewed the relevant briefing, *docs. 3, 9, 13, 14*, and being otherwise fully informed, I RECOMMEND that the Court dismiss the Petition as time-barred.

I.     **BACKGROUND**

On October 31, 2007, a jury found Arthur Paul Martin ("Petitioner") guilty of the first-degree/felony murder of Rodney Mackall (Count 1/alternative to Count 1); armed

---

[1] The Petition was filed pursuant to 28 U.S.C. § 2254. *See doc. 3*. However, because Petitioner challenges the execution of his sentence, the Court construes the Petition under 28 U.S.C. § 2241. *See doc. 6 at 1*.

1

robbery (Count 2); tampering with evidence (Count 3); and possession of a firearm by a felon (Count 4), in State of New Mexico v. Arthur Paul Martin, Cause No. D-202-CR-2005-4045.  *See doc. 9-1* at 1-2, 5-6, 11, 251.  Pursuant to NMRA, Rule 12-102(A)(1), Petitioner appealed his conviction directly to the New Mexico Supreme Court, alleging points of error that are not at issue here.  On May 13, 2010, that court affirmed his conviction, and the mandate issued the following month.  *Id*. at 11, 27, 254.  Accordingly, since November 29, 2007, Mr. Martin has been serving a term of life imprisonment (Count 1) plus ten years (Counts 2; 3; and 4, concurrent with each other and consecutive to the life sentence) in the custody of the New Mexico Corrections Department ("NMCD").  *Id*. at 7, 270.[2]

In state court, on October 9, 2019, Petitioner filed a document captioned Motion to Vacate an Illegal Sentence Pursuant to the Sentencing Reform Act (1984) and in Violation of the Sixth Amendment ("original motion to vacate").  *Doc. 9-1* at 45.  With reference to a handwritten notation on his judgment and sentence reaffirming an actual term of imprisonment of "[l]ife + 10 years[,]" (*see id*. at 7), Petitioner argued that the intended sentence was "a total term of life for the felony murder conviction, and ten years for the armed robbery to run consecutive to the felony murder, with all other

---

[2] On August 11, 2010, Petitioner filed a § 2254 petition in this Court which was denied.  *Martin v. Hatch, et al*., Civ. No. 10-746-RB-RHS, *docs. 17, 18* (D.N.M. Dec. 2, 2011). Petitioner attempted an appeal but his request for a certificate of appealability was denied in both this Court and the Court of Appeals for the Tenth Circuit.  *See id*., *docs. 19, 26*.

2

counts to run concurrent therein." *Id.* at 46. He contended that NMCD had "restructured" his sentence in violation of the Sixth Amendment "by 1. placing the life sentence last and 2. by placing the armed robbery first." *Id.* at 47. Petitioner claimed that this "restructuring" lengthened his sentence, as "any inmate may earn good time credits." *Id.* at 70. He explained that "[g]ood time credits earned during the life sentence serve[] the ten years imposed after the life sentence imposed by the court. Changing [the] order of the J+S will impose an additional 8½ years to be served by [Petitioner] contrary to double jeopardy protections." *Id.* at 71. Attached to the motion were, among other documents, an inmate informal complaint and an inmate grievance, both dated August 2019, in which Petitioner restated his position as to the "reversed" sentence order. *Id.* at 50-51. The state district court treated the motion as a petition for writ of habeas corpus and denied it. *Id.* at 64-65, 74. Petitioner then filed a petition for writ of certiorari. In it, he maintained that "while serving the life sentence first [his] earned good time credits from § 33-2-34 are subtracted from the end of [his] prison term. These credits will shorten the sentence . . . by 3 years and 9 months." Doc. 9-1 at 88. The New Mexico Supreme Court denied the petition on June 14, 2021. *Id.* at 107.

Petitioner filed a second state habeas petition on January 6, 2023 (*see doc. 9-1* at 108-112) to which he attached a revised version of his original motion to vacate. Now, in addition to asserting a Sixth Amendment violation, Mr. Martin also argued that the "restructured" sentence (1) violated his constitutional rights to due process and equal

3

protection, as well as rights he was claiming under the Ninth Amendment; and (2) amounted to discrimination on the basis of sex. *Id.* at 119, 121. The state district court denied the petition, and, on June 27, 2023, the New Mexico Supreme Court denied discretionary review. *Id.* at 182, 185-188, 247.

On August 14, 2023, in the instant case, Petitioner filed a motion requesting an extension of forty-five days from July 8, 2023. *Doc. 1.* Petitioner did not explain what he sought to file within that time period, but the requested extension would have expired on August 22, 2023. On February 9, 2024, after being ordered to do so if he wished to seek federal habeas relief, Petitioner filed the instant petition. *See docs. 2, 3.* As stated, Mr. Martin's sole ground for relief is that NMCD has "illegally restructure[ed]" the order of his sentences in violation of his Sixth Amendment rights[.]" *Doc. 3* at 5. As a result, Petitioner contends that "NMCD effectively added 8½ years to [his] overall sentence." *Id.*

II.     **LEGAL STANDARD AND ANALYSIS**

The one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1) applies to both § 2254 and § 2241 petitions. *See Clark v. Bruce*, 159 Fed. App'x 853, 855 (10th Cir. 2005). The one-year limitation period begins to run from the latest of four possible dates: the date on which (A) the petitioner's judgment of conviction became final; (B) any constitutionally violating, State-created impediment to the filing of a habeas petition was removed; (C) a constitutional right newly recognized by the United States

Supreme Court was made retroactive to cases on collateral review; or (D) the factual predicate of the claims presented could have been discovered through exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Only (D), which contemplates running the one-year period of limitation from the date of discovery of the relevant underlying facts, is pertinent here.

     As explained above, Petitioner filed his original state motion to vacate on October 9, 2019. He attached to his motion an informal complaint and an inmate grievance, in which he asserted that NMCD had "reversed [his] J&S[.]" *Doc. 9-1* at 51. Consequently, October 9, 2019, serves as the latest date Petitioner could be said to have discovered the factual predicate underlying his claim.[3] Thus, it was on that date that the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year period of limitation both began to run and was tolled while state proceedings were ongoing. The state district court treated the original motion to vacate as a habeas petition and denied it on April 30, 2021. *Id.* at 64, 74. Petitioner subsequently filed a petition for writ of certiorari, which the New Mexico Supreme Court denied on June 14, 2021. *Id.* at 79-107. Petitioner then had 15 days, or until Tuesday, June 29, 2021, to move for rehearing. *See* NMRA, Rule 12-404(A). He did not, and the one-year period of limitation began to run,

---

[3] The undersigned agrees with Respondents that utilizing this date is extremely generous to Petitioner. *See doc. 9* at 9, n.3. Given that the clock starts when the factual predicate of the claims presented could have been discovered through exercise of due diligence, a strong argument can be made that Petitioner's clock started on or about July 23, 2016, when he had fully served and was discharged from the term of years. *See doc. 9-1* at 271.

uninterrupted, from Wednesday, June 30, 2021. Therefore, a timely federal habeas petition based on this issue must have been filed no later than Thursday, June 30, 2022.

However, the earliest Petitioner could be considered to have initiated the instant federal habeas proceeding is August 14, 2023, when he filed a terse motion for extension of time under the state procedural rules. *See doc. 1.* In fact, given the absence of any reference to the substance of his claim or any reference to federal habeas relief in that motion, a more appropriate date for the initiation is February 9, 2024, when the Petition was filed. *See doc. 9.* In any event, both these dates are well past the statutory deadline by approximately 14 months and 20 months respectively.

In the instant Petition, Petitioner refers to the second habeas claim he made in state court. *See doc. 4* at 4. To the extent that he would claim otherwise, it does not make this Petition timely. As detailed above, the second state habeas petition was filed on January 6, 2023. *See doc. 9-1* at 108-112. Consequently, it was filed five months after the federal limitations period ended. Obviously, "[a] state-court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (internal citation omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Moreover, his second state petition does not restart the operative limitations period because it was based on the same factual predicate as his first – that the state had improperly ordered the service of his sentences. As the Tenth Circuit has

6

explained, "tardy post-conviction applications in state court do not start a new limitations period running within which a federal application can be timely filed [, as s]uch a rule would swallow the one year statute of limitations period prescribed by § 2244(d)." *O'Bryant v. Oklahoma*, 568 Fed. App'x. 632, 636 (10th Cir. 2014) (unpublished).

Because the Petition is filed more than a year after the limitations period and there is nothing in the record to support equitable tolling[4] during that entire period, I conclude that the Petition is time-barred and should be dismissed on that basis.

### III.   CONCLUSION

Based on the foregoing reasons, I RECOMMEND that the Court DISMISS the Petition as time-barred.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

[4] Petitioner makes no argument in support of equitable tolling.  In fact, having considered Respondent's argument on the point, any claim of equitable tolling appears futile.  *See doc. 9 at 10-12.*